BLACKMAN v. WEST JERSEY & S. S. R. CO.

(Circuit Court, E. D. Pennsylvania. December 8, 1903.)

No. 58.

1. MALICIOUS PROSECUTION—PROBABLE CAUSE—EFFECT OF CONVICTION.

The fact that a plaintiff in malicious prosecution was convicted of the crime charged, which conviction remains unimpeached, is conclusive against him as to probable cause.

J. Joseph Murphy, for plaintiff.
John Hampton Barnes, for defendant.

J. B. McPHERSON, District Judge. In August, 1901, the plaintiff, with his wife and a small child, went to Atlantic City by the Reading Railroad, having purchased excursion tickets by that route. By mistake they began the return journey in a train of the defendant company, and the error was not discovered until their tickets were inspected at a point near Hammonton. The conductor then demanded two full fares to Camden, which the plaintiff professed his total inability to pay. There is some dispute concerning what happened next, but for present purposes it is unimportant to set out the two accounts of the transaction, or to inquire which is probably correct. It is enough to say that the plaintiff and his family were not ejected from the train, as they might lawfully have been, but were carried to Camden, and taken by the conductor to the ticket receiver's office in the railway station. There is a dispute, also, concerning what then took place, but it is equally unimportant to weigh the conflicting testimony on this point. The essential matter is what is now to be stated: At the end of the interview, the fares not having been paid, a police officer was called, the plaintiff was committed to his custody upon a charge made by the conductor, and was locked up overnight in the station house at Camden. This arrest was made under a law of New Jersey, which may be found in 2 Gen. St. p. 2671, §§ 18, 19, and reads as follows:

"Sec. 18. That if any person travel or attempt to travel in any carriage of any railroad company, or of any other railroad company or party using any railway, without having previously paid his fare and with intent to avoid payment thereof, or if any person having paid his fare for a certain distance, knowingly and wilfully proceed in any such carriage beyond such distance without previously paying the additional fare for the additional distance, and with intent to avoid payment thereof, or if any person knowingly and wilfully refuse or neglect on arriving at the point to which he has paid his fare to quit such carriage, every such person shall for every such offence forfeit to the company running the train whereof such carriage shall be a part, a sum not exceeding five dollars, which fine shall be imposed with costs by any justice of the peace, before whom such person shall be brought on complaint made on oath or affirmation, and after summary hearing of the facts and circumstances, or on admission of the party.

"Sec. 19. That if any person be discovered in committing or attempting to commit any such offence as in the preceding enactment mentioned, all officers and servants, railway police and other persons on behalf of the company, or such other company or party aforesaid, and all constables and peace officers,

¶ 1. See Malicious Prosecution, vol. 33, Cent. Dig. §§ 52, 53.

may lawfully apprehend and detain such person until he can conveniently be taken before some justice of the peace or until he be otherwise discharged by due course of law."

The next day, about 1 o'clock, the plaintiff and his wife—she had not been arrested, but had also been charged with refusing to pay the fare—were given a hearing before the recorder of the city of Camden, who is not merely a committing magistrate, but is the judge of the police court, and has jurisdiction to try and determine petty criminal cases. His docket shows that a plea of guilty was entered, and that each defendant was thereupon sentenced to pay a fine of $1.25, which was "amount of fare of railroad, said amount to be forfeited to the West Jersey & Sea Shore Railroad Company under the statute." The fines were paid, and the defendants were discharged. Afterwards the plaintiff brought this suit, and filed a statement in which the defendant company is charged with malicious prosecution. The trial was conducted by both parties, however, as if the suit had been brought for false imprisonment; but, if a new trial should be awarded, it is certain that the defendant would insist that the plaintiff should be held to the form of action that he has chosen, and in that event the question whether there was probable cause for the arrest would be vital. The plaintiff recovered a small verdict, and the defendant does not ask for a new trial unless the court shall be satisfied that a binding instruction must be given in its favor. I have therefore considered the motion from this point of view, and am clearly of opinion that a new trial should be granted, because under the evidence now before the court there is no doubt that probable cause for the arrest existed, and if the action had been tried for malicious prosecution instead of for false imprisonment it would have been my duty to direct the jury to find a verdict in favor of the defendant. The only reason that need be given for this conclusion is the fact that the docket of the recorder's court shows that the plaintiff was convicted of the offense with which he was charged. I think the authorities are decisive upon the point that, so long as this conviction is unimpeached, it is conclusive evidence that there was probable cause for the prosecution. Crescent City Co. v. Butchers' Co., 120 U. S. 141, 7 Sup. Ct. 472, 30 L. Ed. 614; Herman v. Brookerhoff, 8 Watts, 240; Kirkpatrick v. Kirkpatrick, 39 Pa. 288; Graver v. Fehr, 10 Cent. Rep. 493; 2 Greenleaf on Evidence, § 452; Cooley on Torts, 186; Ross v. Hixon (Kan. Sup.) 26 Pac. 955, 12 L. R. A. 760, 26 Am. St. Rep. 123, and note page 137.

A new trial is therefore granted.