## Kossouf, Appellant, *v*. Knarr.

*Malicious prosecution—Arrest without information—Boroughs.*

Where a burgess of his own motion and without complaint on oath or affirmation and not on view, issues a warrant for another person for violating a borough ordinance, and such person is arrested and imprisoned, the burgess is liable in nominal damages at least for false imprisonment.

Argued April 20, 1903. Appeal, No. 197, Jan. T., 1902, by plaintiff, from judgment of C. P. Clearfield Co., Sept. T., 1899, No. 366, on verdict for defendants in case of Joseph Kossouf v. Henry S. Knarr and George W. Hilliard. Before DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Trespass to recover damages for false imprisonment. Before GORDON, P. J.

At the trial it appeared that the defendant Knarr, who was burgess of the borough of Du Bois, issued a warrant for the arrest of the plaintiff for erecting a building contrary to a borough ordinance. The warrant was issued without information, and not on view. The plaintiff was arrested and locked

up over night on his failure to pay the fine imposed upon him.

The court gave binding instructions for defendant.

Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*Singleton Bell*, for appellant.—In an action for damages for false imprisonment, probable cause is a matter of defense and must be affirmatively shown: Grohmann v. Kirschman, 168 Pa. 189; McCarthy v. DeArmit, 99 Pa. 63.

On principle, neither malice nor want of probable cause is an essential element in the constitution of an action for false imprisonment: McCarthy v. DeArmit, 99 Pa. 63; Neall v. Hart, 115 Pa. 347 ; Grohmann v. Kirschman, 168 Pa. 189.

The act of a judicial officer beyond his jurisdiction will render him liable in false imprisonment in the same manner as when he has no jurisdiction.   In fact, the two things are exactly the same in principle and effect: Reid v. Wood, 2 Chester County Rep. 513; Gallitzin Borough v. Gains, 7 Kulp, 479.

The arrest was made upon a warrant which issued without the information which the law required to support it, and the burgess had no jurisdiction of the defendant: Borough of Plymouth v. Williams, 8 Kulp, 167 ; Pittston Borough v. Dymond, 7 Kulp, 431 ; West Pittson Borough v. Dymond, 8 Kulp, 12 ; Kessler v. Hoffman, 9 Pa. Dist. Rep. 365.

Under the facts here, the law specifically requiring a sworn information, and none ever being made, the burgess is liable in damages for false imprisonment: Kessler v. Hoffman, 9 Pa. Dist. Rep. 365; Tillman v. Beard (Mich.), 46 L. R. A. 215; Glazer v. Hubbard (Ky.), 39 L. R. A. 210; Leger v. Warren (Ohio), 51 L. R. A. 193; Truesdell v. Combs, 33 Ohio, 186.

*A. L. Cole*, for appellee, cited: McElhattan v. Kane, 7 Pa. C. C. Rep. 313; Neall v. Hart, 115 Pa. 347 ; McCarthy v. DeArmit, 99 Pa. 63.

OPINION BY MR. JUSTICE MESTREZAT, May 11, 1903:

There is but a single question in this case and that is whether

the learned trial judge erred in directing a verdict in favor of the defendant, Knarr. It is conceded that the evidence established no liability against Hilliard, the other defendant, and that the court below was right in directing a verdict for him. In July, 1899, Knarr was the burgess, and Hilliard the chief of police, of the borough of Du Bois, in Clearfield county. Kossouf, the plaintiff, contrary to the provisions of an ordinance, began the erection of a cased brick building in the borough. After some progress had been made, the burgess, on the evening of July 20, 1899, told Kossouf that the work must cease and the building must be torn down, which the latter agreed should be done. The next day the burgess was absent from the borough, and on his return in the evening, he was informed that Kossouf, notwithstanding his promise, was proceeding with the erection of the building. He, thereupon, and without any information having been made, issued a warrant for the arrest of Kossouf and delivered it to Hilliard, the policeman, who arrested Kossouf and took him before the burgess about ten o'clock of that evening. The burgess, without a hearing or trial, fined him $100, the amount fixed by the ordinance for its violation, and in default of payment committed him to the borough lockup, where he remained until eleven o'clock the following morning, when he was released.

These facts are not controverted and they clearly show a case of false imprisonment. The warrant was issued in violation of the constitutional provision that " no warrant . . . . to seize any person . . . . shall issue . . . . without probable cause, supported by oath or affirmation, subscribed to by the affiant." It was also in direct conflict with the provisions of the Act of June 4, 1897, P. L. 121, which provides the mode of procedure for the collection of fines and penalties imposed in pursuance of borough ordinances. It is there enacted that actions for fines or penalties may be commenced by warrant or summons before the burgess or a justice of the peace, but it is provided that "no warrant shall issue except upon complaint, on oath or affirmation, specifying the ordinance for the violation of which the same is issued." The right to arrest for the commission of a felony without information or warrant does not arise here. Nor was the plaintiff arrested on view, and hence, the subsequent provision of the statute relative thereto has no

bearing on the case. There can, therefore, be no question that the arrest was illegal and without authority of law and made the burgess liable to an action for false imprisonment.

The right to maintain the action against Knarr having been established, the plaintiff was entitled to at least nominal damages. The question of damages as against the single defendant was not raised or discussed on the trial of the cause and need not be here. It is sufficient to say that the motives of the defendant, probable cause and malice, may be shown in aggravation or mitigation of damages.

Hilliard, the policeman, can be eliminated from the case by a discontinuance or voluntary nonsuit, and the trial of the cause may then be proceeded with between the plaintiff and Knarr, the burgess, as defendant.

The judgment is reversed with a venire facias de novo.