## Dersin v. Roach.

*Prohibition enforcement—Search warrants—False imprisonment—Act of March 27, 1923.*

1. The acts of a judicial officer beyond his jurisdiction will render him liable in false imprisonment in the same manner as when he has no jurisdiction.

2. Under the Act of March 27, 1923, P. L. 34, the complaint for a search warrant must substantially set forth the facts on which the probable cause for the belief on the part of the complainant is based.

3. If the complaint does not set forth such facts, the justice has no jurisdiction to issue a search warrant, and if he does so, he will be liable in the proper action.

4. A mere averment in the complaint that the complainant has in his possession an affidavit setting forth facts upon which probable cause is based is not sufficient; he must go further and aver that the person making the affidavit is known by the complainant, that he has reason to believe that affiant is reliable, and that the affidavit is true, and he must also set forth, to some extent, the facts which he has learned from the affidavit and which caused the affiant to make the affidavit as to the wrongful acts committed.

5. The fact of the unlawful sale of liquor, in order to justify the issue of a search warrant, must be known to the person who makes the complaint, either by direct or circumstantial evidence.

Statutory demurrer. C. P. Clearfield Co., Sept. T., 1927, No. 596.

*Carl A. Belin,* for plaintiff; *Arnold & Platt,* for defendant.

CHASE, P. J., Oct. 26, 1927.—The plaintiff in this case files a statement in trespass to recover from the defendant, Charles E. Roach, the sum of $2800. The facts alleged in said statement which are material to the disposition of the issue before the court, in substance, are as follows:

The defendant, Charles E. Roach, is a justice of the peace of Woodward Township, Clearfield County, Pennsylvania; that, on July 9, 1927, W. P. Couser, county detective, appeared before the said justice and swore out a complaint for a search warrant, the material parts of said complaint which are herein in controversy being herein set out. That, as a result of that complaint, the defendant issued a search warrant, which was placed in the hands of the said county detective and other officers and a raid was made upon the premises of the plaintiff herein, a private dwelling-house.

This action on the part of the plaintiff is based upon the allegation that the justice had no jurisdiction to issue said search warrant for the following reasons: First, the complaint was in blanket form and all immaterial facts were not erased; second, there was no description of the property to be seized; third, the description of the house to be searched was insufficient; fourth, no facts were set forth in the complaint on which to base probable cause. The said W. P. Couser, by authority of his search warrant, went to the home of the plaintiff and made search of the premises. The statement alleges that the plaintiff was under arrest and was not permitted to leave the house by the officers during the said search. That the damages suffered were

the result of said arrest and consisted of her feelings being hurt, her reputation suffering and her mental condition affected, as well as her physical condition weakened permanently, from nervousness caused by shock and excitement of the search. Wherefore, damages are claimed.

The affidavit of defense raising questions of law which needs consideration at this time by the court are as follows: First, that the facts averred by the plaintiff fail to set forth a proper cause of action upon which a recovery can be had; second, that the complaint for the search warrant, by virtue of which the search warrant was issued, was legal and valid, as appears on the face of the plaintiff's statement of claim; third, that the search warrant is legal and valid, as appears upon the face of the plaintiff's statement of claim.

The first objection raised by the defendant herein is that the facts averred by the plaintiff fail to set forth a proper cause of action upon which a recovery can be had. If the allegations of the plaintiff's statement are true, and they must be accepted as being true for the disposition of this objection raised, the plaintiff would have a good cause of action, as we understand the law.

The act of a judicial officer beyond his jurisdiction will render him liable in false imprisonment in the same manner as when he has no jurisdiction: Reid v. Wood, 2 Ches. Co. Reps. 513; Gallitzin Borough v. Gains, 7 Kulp, 479; Kossouf v. Knarr, 206 Pa. 146; Harris v. Mercur, 202 Pa. 313.

The requirements of the Act of March 27, 1923, P. L. 34, under section 8 of search warrants, provide that the justice of the peace or magistrate, upon certain other conditions, may issue a search warrant "setting forth probable cause." As we view this language and the law, the complaint must substantially set forth the facts on which the probable cause for the belief on the part of the complainant is based. If this is not done in the complaint, the justice would have no jurisdiction to issue a search warrant and would be liable in the proper action; this requirement being a condition precedent to jurisdiction in the matter of issuing a search warrant under said act.

In the disposition of this complaint raised by the plaintiff in the statement, the allegation on the part of the plaintiff in her statement that no substantial facts were set forth in the complaint on which to base probable cause, and which, therefore, gives cause for this action, is well taken. The complaint upon the subject being in the following language: "W. P. Couser, County Detective of Clearfield County, who, being duly sworn according to law, doth depose and say, that there is probable cause to believe an affiant has just and reasonable grounds for believing and does believe that intoxicating liquor, the exact quantity being to the affiant unknown, is being unlawfully possessed, sold, manufactured, furnished, offered for sale, transported for beverage purposes." And, further, that the following are the reasons for the affiant's belief, to wit, "an affidavit that the said Marie Dersin is manufacturing, trafficking and selling liquor for beverage purposes illegally and contrary to Section 3 of Act No. 25, P. L. 1923, and amendments thereto."

Section 8 of the provision under discussion reads: "Whenever any individual makes complaint in writing before an alderman, justice of the peace or magistrate, supported by his oath or affirmation and subscribed to by him, alleging there is probable cause to believe, and that he has just and reasonable grounds for believing, and does believe, that intoxicating liquor is unlawfully manufactured, sold, offered for sale, bartered, furnished or possessed, or that any mash, still, implement or other property designed or intended for use in the unlawful manufacture, sale or furnishing of intoxicating liquor is possessed in or upon any room, house, building, boat, vehicle, structure, recep-

tacle, premises or any other place or thing whatsoever, said complaint describing the said place or thing to be searched and the thing or things to be seized as nearly as may be, and *setting forth probable cause,* the said alderman or justice of the peace or magistrate, if it be made to appear that there is probable cause for such belief, shall issue a search warrant." And, further, the provision provides that no search warrant shall issue to search any private dwelling occupied as such, unless it is being used for the unlawful sale of intoxicating liquors.

An examination of the language used in the complaint shows that the affiant sets forth all the elements which the law requires and complied with all the conditions essential to be set forth in the complaint so far as the allegations of sale or reasons to believe that sale was being made in the private home which would give the alderman or justice of the peace jurisdiction, with the possible exceptions that the alleged facts set forth on which the affiant bases his belief are not sufficient to sustain the complaint. It is essential, as we view the law from the decisions, in addition to what the affiant set forth and swore to in the complaint, to set forth facts in the complaint on which the reasonable conclusion can be drawn of probable cause for belief. No doubt, the reasons for this requirement of setting forth facts on which reasons for belief are based, as required by the act of assembly, has a manifold purpose. First, it is for the purpose of furnishing information to the person against whom the search warrant subsequently issues, so that the individual may protect himself or herself from unreasonable and unjustifiable searches. Secondly, the law recognizing that a search warrant is an extreme method and must be used with the greatest care and caution and only under such conditions that it is reasonable to assume that a violation of the law exists, this requirement as to setting forth facts in the complaint is for the purpose also of giving information to the public in order that the dangers of the abuse of such power may be kept at a minimum.

Again, the power placed in the hands of the justice of the peace to issue a search warrant under this act of assembly [being] neither an arbitrary power nor a discretionary power, but a power vested in the justice which he must exercise upon the proper conditions existing which raise the belief of probable cause of the violation of the law, it is of importance to the individual against whom the action is proposed, to the public and the officers in executing the process, to be able to determine from the facts set forth in the complaint whether or not the conditions which require the issuing of the search warrant exist.

Taking the language in this complaint (the only fact that the complainant sets forth is that an affidavit [was made] that the said Marie Dersin is manufacturing, trafficking and selling liquor for beverage purposes), it can hardly be contended that an affidavit, without disclosing the further fact at least that the affiant to the affidavit was known to the complainant and that the complainant had reasons to believe the affiant in the affidavit was a reliable person, would be sufficient to create in the mind of a person that a probable cause existed. If it is the law that the mere declaration that an affidavit in the hands of the complainant, without anything further, is sufficient to create that condition of mind which is designated as a probable cause to believe without anything further, it is hard to conceive how a citizen is to be protected from the search of his home upon the affidavit of either unscrupulous or over-zealous individuals. It may be said that the dangers to the individual are so remote because of affidavits by the unscrupulous that it is not deserving of consideration, and that fact may possibly be true. However, it is a well-known fact that there are individuals who in good faith would make affi-

davits of a sale or manufacture of intoxicating liquors upon the slightest suspicion, and we feel that this provision of the act of assembly is aimed to prevent that situation. This contention seems to the court to have considerable force because of the very language of the act of assembly itself, which requires that the complainant must not only set out facts on which the complainant has probable cause to believe that the law has been violated, but a further requirement of the act of assembly is that the justice of the peace must also have that probable cause for belief. We know of no case which has been decided by our appellate courts which has gone so far as to say that the declaration of facts merely setting out that a person has violated the law is sufficient to meet the requirements of the act, which provides that the facts on which probable cause is based must be set out, and we feel that such a statement does not meet either the spirit or the intention as expressed in this particular provision of the act of assembly.

In the case of Com. v. Schwartz, 82 Pa. Superior Ct. 374, Keller, J., speaking for the Superior Court, says: "Were it not for the provisions of the act that the complainant shall set forth probable cause, it would have been sufficient for the affiant to make affidavit in the language of the act, viz., that there is probable cause to believe and that he has just and reasonable grounds for believing and does believe, etc." The same principle is expressed in Com. v. Hunsinger, 89 Pa. Superior Ct. 238, by Judge Porter. And we feel that this conclusion reached by the Superior Court confirms what has already been said as to what the law requires of facts upon which belief is based, and surely there should be at least, in addition to the mere declaration that the complainant has an affidavit, the additional facts that the affiant therein is known to the complainant, that the complainant has reasons to believe that the affiant is reliable, and has reasons to believe that the affidavit in his possession is true because of additional facts, setting out to some extent what those facts are which have been learned from the affiant which would cause the affiant to make affidavit that sales had been made.

In the case of Com. v. One Box Benedictine, 290 Pa. 121, Justice Kephart says: "The search warrant cannot issue unless the private dwelling is used for the unlawful sale. This fact must be known by the person who makes the affidavit either by direct or circumstantial evidence." As we understand, the affidavit to which the Justice has reference is the affidavit made by the complainant on which the search warrant is based, and, if that is correct, the language of the Justice is significant. The fact of sale must be known to the person who makes the complaint either by direct or circumstantial evidence. In the instant case, there is nothing in the statement of fact in the complaint or anywhere in the complaint itself which indicates that the affiant in the complaint had any direct knowledge of sale on the part of the said Marie Dersin, nor does there appear any statement of facts as to circumstances which would lead to a conclusion of probable cause and belief of sale.

The other allegations of the plaintiff, namely, that the complaint was in blanket form, that there was no description of the property to be seized, that the description of the house to be searched was insufficient, that the warrant was in blanket form and all immaterial facts were not stricken out, that there was no description of the things to be seized, and that the description of the house to be searched did not comply with the Liquor Law of 1923, and amendments thereto, needs no discussion on the part of the court. There seems to the court to be no question but that the complaint and search warrant in regards to these particulars complained of were as fully set out as could be expected under the circumstances, and that the same were in compliance and

in accordance with the requirements of the act of assembly. It seems unnecessary to discuss the questions raised therein because the courts have so frequently recently discussed the various questions raised.

Now, Oct. 26, 1927, motion for judgment for defendant for want of sufficient statement is overruled.

Exception noted and bill sealed to the defendant.

From John M. Urey, Clearfield, Pa.