## Jones v. Auto Rental Company

*Roy T. Clunk, Charles P. Pearson,* and *E. P. Curran,* for plaintiff.

*Lambert Turner, Jr.,* and *Dickie, Robinson & McCamey,* for defendant.

ELLENBOGEN, J., March 9, 1948.—This is an action in trespass for damages for malicious prosecution. It arises out of a contract between plaintiff and defendant in which plaintiff rented a truck from defendant and agreed to return the truck, to pay a rental, and to pay for repairs if any were necessitated by his use. In driving the truck plaintiff became involved in an accident and repairs totalling $659.26 became necessary.

Plaintiff charges in his complaint that defendant had him arrested, charged with "renting a motor vehicle with intent to defraud", and that after a hearing before an alderman, plaintiff was discharged. Plaintiff seeks compensatory and punitive damages.

Defendant filed an answer in which he denied plaintiff's claim and set up a counterclaim for the rental of the truck and the repair bill due it from plaintiff.

Plaintiff filed a reply to the counterclaim entitled "Plaintiff's Reply to Counterclaim Raising Questions of Law", wherein plaintiff contends that the court is without jurisdiction to entertain the counterclaim, because it is a claim in assumpsit, which cannot be asserted against an action in trespass. This question is now before the court en banc for disposition.

Pleadings are now regulated by the Pennsylvania Rules of Civil Procedure. Rule 1017 enumerates the pleadings allowed. A reply such as the one filed by plaintiff is not provided for in the rules and therefore is not proper. The question raised by plaintiff should be raised under rule 1017(*b*), in a pleading entitled "Preliminary Objections". However, since the matter has been presented to us, we will dispose of it, as if properly presented here.

Under section 13 of the Practice Act of May 14, 1915, P. L. 483, 12 PS §412, a counterclaim in assumpsit could not be filed to an action in trespass. The practice is now governed by the Civil Rules of Procedure, and counterclaims in actions of trespass are now governed by rule 1046. There is nothing in that rule which limits counterclaims to those sounding in tort. The rule reads as follows:

"Rule 1046. Counterclaim.

"A defendant may plead a counterclaim which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose."

The rule permits *all* counterclaims *which arise from* the *same transaction* or occurrence from which plaintiff's cause of action arises, regardless of whether they sound in trespass or in assumpsit. It may be assumed that if it was intended to limit counterclaims to claims in trespass, the rule would have said so.

In their commentary Judge Goodrich and Professor Amran state that rule 1046 enlarges the right to file a counterclaim (page 141):

". . . The right of counterclaim under Rule 1046 is slightly broader than the right to a 'cross-action' under §13 of the Practice Act of 1915. That Act related only to 'negligence' cases. It permitted the defendant to deny his own negligence and then to 'allege negligence on the part of the plaintiff'."

Goodrich and Amran then give two illustrations which they believe were not susceptible to counterclaim under the Practice Act of 1915, but which may now be counterclaimed under rule 1046.

The first illustration is where a property owner sues a contractor for negligence in the installation of a heating system which exploded, and the defendant counterclaims for the unpaid balance due on the contract. The second illustration is where a broker's customer who has been sold out after a margin call brings an action in trespass against the broker for the conversion of his securities, and the broker counterclaims for the unpaid balance due on plaintiff's margin account.

Thus, in the views of the annotators, rule 1046 was intended to permit, in certain instances, the filing of a counterclaim based on assumpsit to a complaint in trespass.

In the case at bar the counterclaim clearly arises from the same transaction upon which plaintiff's action is based, viz., the renting of the truck.

Plaintiff's action is one for malicious prosecution. An essential element in that action was the lack of probable cause on the part of defendant in instituting criminal proceedings against plaintiff, and the presence of malice: Alianell v. Hoffman, 317 Pa. 148, 176 Atl. 207 (1935) ; Stratton v. Jordan, 77 Pa. Superior Ct. 596 (1921).

Under the Act of April 7, 1927, P. L. 131, the refusal to pay the rental for a hired motor vehicle is *prima facie* evidence of the intent to defraud:

"That any person who shall, with intent to defraud the owner of any motor vehicle . . . by agreeing to

pay a rental for the use thereof based in whole or in part upon the distance such motor vehicle shall travel, shall, upon conviction thereof, be deemed guilty of a misdemeanor, . . . The refusal to pay the rental for such motor vehicle, or absconding without paying or offering to pay such rental, shall be prima facie evidence of the intent to defraud."

The contract for the renting of the truck, and the circumstances surrounding its alleged breach by plaintiff, are therefore essential and proper elements in the defense to plaintiff's action. It will be proper to show at the trial the motives of defendant, and whether there was probable cause or malice, either in mitigation or aggravation of damages: Kossouf v. Knarr, 206 Pa. 146.

Since the contractual relations between plaintiff and defendant, and the circumstances surrounding the alleged breach of contract, will of necessity be before the court at the trial of plaintiff's suit for malicious prosecution, there seems to be no good reason why the counterclaim should not be adjudicated at the same time. Such an adjudication is certainly in the interest of an efficient and expeditious disposition of the business of the court, which is the purpose of the Pennsylvania Rules of Civil Procedure. To allow the counterclaim to be made in this case will prevent the filing of another suit and the holding of a second trial. Under a reasonable interpretation of rule 1046 the counterclaim here made is proper and should be allowed.

In our interpretation of rule 1046 we have not overlooked the case of Craig v. Thoroughgood et ux., 61 D. & C. 220 (1948). In that case the Municipal Court of Philadelphia held that Rule 1031 of the Pennsylvania Rules of Civil Procedure does not extend the right of counterclaim in assumpsit cases and does not permit the filing of a counterclaim arising out of a tort against an action in assumpsit. That is the reverse of the situation presented in the instant case.

It is not controlling here. That case dealt with an unliquidated counterclaim sounding in tort against a liquidated claim in assumpsit, whereas we are dealing with a liquidated counterclaim sounding in assumpsit against an unliquidated tort claim. The adjudication of the liquidated contractual counterclaim here presented will not complicate the determination of plaintiff's tort claim, which arises out of the same contractual relationship.