**Barbara CARTER, Appellant**

v.

**THE MAY DEPARTMENT STORE COMPANY d/b/a Lord and Taylor, Appellee.**

Superior Court of Pennsylvania.

Argued April 13, 2004.

Filed June 21, 2004.

Marc T. Sacchetta, Media, for appellant.

Michael J. Dunn, Philadelphia, for appellee.

Before: DEL SOLE, P.J., ORIE MELVIN, and BECK, JJ.

ORIE MELVIN, J.

¶ 1 Appellant, Barbara Carter, appeals from the judgment entered following a jury verdict which found in her favor but awarded no damages. She contends the trial court erred in failing to instruct the jury that it must award damages if it determined tortious conduct was committed by employees of Appellee. Upon review, we vacate the judgment and remand with instructions to enter a judgment for nominal damages in favor of Appellant.

¶ 2 The salient facts are essentially undisputed and may be summarized as follows. On the afternoon of February 24, 2001, Appellant was shopping in a Lord & Taylor department store located in Philadelphia on her way to work. She went to a cash register to purchase a purse and some jewelry. After the clerk rang up the sale and accepted her payment, Appellant removed the tags from the purse and placed her personal items inside, including the jewelry. Appellant then went in search of a restroom and overheard a report about some missing jewelry. She immediately checked her receipt and, discovering that some of the jewelry was not included on the sales slip, returned to the counter where she made the purchase. Appellant was then approached by security guards and asked to accompany them to a different part of the store. Suspecting her of shoplifting, the security guards went through her belongings and questioned her at length, apparently disbelieving Appellant's explanation that a mistake had been made. After being told she could not leave until she signed an admission of her guilt, Appellant ultimately signed a form document and was permitted to leave. Approximately one-half hour elapsed from the time Appellant was first approached by security and the time she was permitted to leave the store.

¶ 3 No criminal charges were filed. However, Appellant filed a civil suit against Appellee (the parent company of Lord & Taylor), asserting claims of false imprisonment, assault and battery, negligent and intentional infliction of emotional distress, and negligence. A jury trial was conducted in March 2003 during which Appellant sought compensatory and punitive damages. At its conclusion, the jury was given a verdict slip containing eight interrogatories. In relevant part, the questions on the verdict slip were as follows.

Question 1.

Do you find that the defendant, the May Department Stores d/b/a Lord & Taylor, through its employees, falsely imprisoned the plaintiff, Barbara Carter?

YES _____ NO _____

\* \* \*

Question 7.

If you have answered yes to question 1 . . ., state the amount of damages that you award the plaintiff, Barbara Carter.

$ _____

¶ 4 During deliberations the jury posed the following question to the trial court: "If [the] answer to question 1 is yes, must we make a monetary award in question 7?" N.T. Trial, 3/7/03, at 2. After the trial court read this question to counsel, the following exchange occurred.

THE COURT: I am going to bring the jury back and I will answer their question as follows: You may do as you wish. It's entirely up to you.

I will send the jury back for further deliberations.

[COUNSEL FOR APPELLEE]: I would ask that they be instructed, Your Honor, that they need not award any damages if that should be their desire.

THE COURT: Counsel.

[COUNSEL FOR APPELLANT]: I would ask that they be instructed that the verdict would be inconsistent if they did not award at least some damages having found that a tort was committed. I believe that under the law it would be inconsistent for them not to award damages.

\* \* \*

I think that an inconsistent verdict by definition is an improper verdict. I think that there was sufficient evidence of damages in the case, and it would be inconsistent for the jury to find a tort committed and no damages.

THE COURT: Well, I will instruct the jury that they may do as they wish, it is entirely up to them.

N.T. Trial, 3/7/03, at 2–3. The trial court instructed the jury accordingly. In its verdict, the jury answered "Yes" to the first question, that Appellee falsely imprisoned Appellant.[1] However, its response to the question asking the amount of damages was "Zero." Her post-trial motion seeking a new trial was denied, and a judgment was entered in favor of Appellant in the amount of zero dollars. This timely appeal followed.

 ¶ 5 Appellant presents the following question for our review:

Whether the Trial Court abused its discretion when it failed to instruct the jury that it must award damages if it found that May Department Stores had committed the intentional tort of false imprisonment.

Appellant's brief at 5.

 ¶ 6 We first note that our standard of review of a denial of a motion for new trial is limited to a determination of whether the trial court committed an error of law that controlled the outcome of the case or committed an abuse of discretion.

*Fanning v. Davne*, 795 A.2d 388, 392 (Pa.Super.2002), *appeal denied*, 573 Pa. 697, 825 A.2d 1261 (2003).

An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or [the judgment is] the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record, discretion is abused. We emphasize that an abuse of discretion may not be found merely because the appellate court might have reached a different conclusion, but requires a showing of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous.

*Id.* at 393 (quoting *Paden v. Baker Concrete Construction, Inc.*, 540 Pa. 409, 412, 658 A.2d 341, 343 (1995)).

 ¶ 7 Additionally, we review a challenge to the instructions given the jury "to determine whether the trial court committed clear abuse of discretion or error of law controlling the outcome of the case." *Raskin v. Ford Motor Company*, 837 A.2d 518, 521 (Pa.Super.2003)(quoting *Stewart v. Motts*, 539 Pa. 596, 606, 654 A.2d 535, 540 (1995)). Appellant contends that a claimant must be awarded at least nominal damages when the intentional tort of false imprisonment has been established, and hence the trial court erred when it instructed the jury otherwise. She relies solely on *Kossouf v. Knarr*, 206 Pa. 146, 55 A. 854 (1903) in support of her position.

¶ 8 In *Kossouf*, the plaintiff was illegally arrested and thereafter placed in the lockup by the defendant for over 12 hours. The trial court directed a verdict in favor of the defendant on the plaintiff's claim of

---

**1.** The jury answered the remaining questions in the negative, finding that Appellee was not negligent and did not commit any other tort against Appellant.

false imprisonment. However, our Supreme Court reversed and remanded for a new trial, explaining that the plaintiff had established a right to maintain the action for false imprisonment and "was entitled to at least nominal damages." *Id.* at 149, 55 A. at 854.

¶ 9 We note that the Supreme Court's statement quoted above on which Appellant relies is arguably *dicta* since the Court expressly refused to discuss the issue of damages. *Id.* (stating that the question of damages "was not raised or discussed on the trial of the cause and need not be here."). Nevertheless, her position is further supported by the Restatement (Second) of Torts as well as hornbook law.

■ ¶ 10 According to the Restatement, "Nominal damages are a trivial sum of money awarded to a litigant who has established a cause of action but has not established that he is entitled to compensatory damages." Restatement (Second) of Torts § 907. The comment further explains that nominal damages may be awarded where harm is not a requisite to the cause of action, such as in an action for trespass to the person which includes false imprisonment. *Id.* at comment b. Additionally, it has been authoritatively stated that "the fact that there has been false imprisonment at all establishes a cause of action for at least nominal damages." Prosser & Keeton, The Law of Torts § 11, at 48 (5th ed.1984). This is the view taken by other jurisdictions. *See, e.g., Banks v. Fritsch,* 39 S.W.3d 474, 479 (Ky.App.2001)(concluding that a claim of false imprisonment does not require proof of actual damage, and the plaintiff may recover nominal damages); *Zok v. State of Alaska,* 903 P.2d 574, 577 (Alaska 1995)(victim of false arrest was falsely imprisoned and is therefore entitled to nominal damages as a matter of law); *Mason v. Wrightson,* 205 Md. 481, 109 A.2d 128, 131–32 (1954)(concluding a plaintiff was entitled to nominal damages for assault, battery, and false imprisonment). *Compare Majczyk v. Oesch,* 789 A.2d 717, 726 (Pa.Super.2001)(*en banc*)(concluding that in a negligence case, a jury may find in favor of a defendant despite his obvious negligence where the jurors do not believe that the plaintiff's pain and suffering is compensable; "the determination of what is a compensable injury is uniquely within the purview of the jury.").

¶ 11 Based on the foregoing we must conclude that the trial court committed an error of law in instructing the jury that the decision whether or not to award any damages was entirely within its discretion, even if it concluded that false imprisonment was established at trial. It is also evident that this error controlled the outcome of the case, since the jury awarded no damages. Because Appellant was entitled to recover nominal damages, we are now faced with the question of what is the proper disposition of this appeal.

■ ¶ 12 Appellant suggests that she is entitled to a new trial limited to the issue of damages for false imprisonment. Appellee maintains that the error was harmless and, in the alternative, that a new trial must include liability as well as damages. Despite these suggestions of the parties, we find the appropriate disposition is to simply remand for the entry of judgment of nominal damages.

¶ 13 The issue of Appellee's liability for false imprisonment has already been determined in Appellant's favor. So, too, has the issue of Appellant's entitlement to compensatory and punitive damages, which was answered in the negative. The jury clearly found she did not prove her right to recover any compensatory or punitive damages, and she is, therefore, entitled to recover only nominal damages.

¶ 14 In analogous situations involving contracts, our Supreme Court has determined there is no need to remand for a new trial solely because nominal damages are appropriate. *Elia v. Olszewski,* 368 Pa. 578, 581, 84 A.2d 188, 191 (1951)(stating that the Court would not ordinarily reverse for a new trial where the breach of contract was admitted and the plaintiff was at least entitled to nominal damages); *Bastian v. Marienville Glass Co.,* 281 Pa. 313, 319 126 A. 798, 800 (1924)(explaining that a new trial is not to be granted where the only issue is recovery of nominal damages). In a tort action for conversion, our Supreme Court similarly determined that where an appellant had not established entitlement to compensatory . or special damages but might recover nominal damages, an appellate court may direct the entry of judgment for nominal damages only. *Stevenson v. Economy Bank of Ambridge,* 413 Pa. 442, 454, 197 A.2d 721, 727 (1964). "Nominal damages represent the award of a trifling sum where there has been a breach of duty or infraction or invasion of a right, but no real substantial or serious loss or injury has been established." *Id.* at 455, 197 A.2d at 727. We see no reason to depart from the Supreme Court's wisdom in such a situation. Accordingly, we vacate the judgment and remand this case with a direction to the trial court to enter a judgment of nominal damages in favor of Appellant and against Appellee.

¶ 15 Judgment vacated and case remanded with instructions. Jurisdiction relinquished.