## Clark *versus* Everett.

1. Where an action is brought, and the defendant arrested and imprisoned for a debt which he honestly owes, but upon which the customary credit of six months has not expired, an entry on the record by plaintiff's attorney, that the defendant is discharged, discharges him from the debt as well as from the action.

2. If a defendant is arrested upon a debt that is not due, and the matter is compromised, he paying the money without objection, this is an admission that the debt itself, and not merely the time, is the matter of controversy, and will preclude the defendant from sustaining an action against the plaintiff for maliciously bringing his action.

ERROR to the District Court of *Philadelphia.*

The principle decided may be clearly understood from the opinion of the court, without a statement of facts.

*Guillou* and *Mundy*, for plaintiff in error.

*Gibbons* and *Campbell*, for defendant in error.

[Debozear *v.* Butler.]

The opinion of the court was delivered January 13, 1854, by

LEWIS, J.—Where an action is brought against a defendant for a debt which he honestly owes, but on which the customary credit of six months has not expired, and upon his arrest and imprisonment, the attorney for the plaintiff enters upon the record of the action, that the defendant is discharged, it is a discharge from the debt as well as from the action itself.

Where such discharge is the result of a compromise, and the payment of money by the defendant to the plaintiff, without objection, upon the ground that the credit had not expired, it is a waiver of that objection, and an admission that the debt itself, and not merely the time of its maturity, is the subject of controversy and compromise in the suit. Such admission thus mutually made and acted on by the parties, is binding upon them. It is by virtue of it, that the discharge operates upon the debt, and bars a subsequent writ for the same cause of action. As the defendant thus secures an advantage from the admission, he cannot afterwards retract it for the purpose of maintaining an action against the plaintiff, for maliciously bringing his action before the expiration of the customary credit of six months.

These principles dispose of the case, and we do not consider the other questions raised in the argument.

Judgment affirmed.