## Alianell, Appellant, v. Hoffman et al.

Argued December 7, 1934.   Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Nathan Lavine,* with him *Herbert W. Salus,* for appel-
lant.

*Benjamin Levin,* with him *I. Sydney Bass* and *Abra-
ham Berkowitz,* for appellee.

PER CURIAM, January 7, 1935:

Plaintiff appeals from the refusal of the court below to
take off a nonsuit entered against him in an action of tres-
pass to recover damages for malicious prosecution.   The
record shows that plaintiff was arrested on a charge of
receiving stolen goods and detained in jail overnight.   On
the following day, at the hearing before a magistrate, the
prosecutor (appellee here), at appellant's request, agreed
to withdraw the charges in consideration of a payment of
twenty dollars and the return of the goods in question.

This settlement was carried out and the warrant withdrawn.

It is clear that in these circumstances appellant has no ground for maintaining an action to recover damages for the alleged malicious prosecution. By compromising and settling the criminal charges made against him, appellant destroyed an essential element in his case. To entitle plaintiff to recover in an action for malicious prosecution, it must clearly appear that the prosecution was without probable cause: Kirkpatrick v. Kirkpatrick, 39 Pa. 288; Groda v. American Stores Co., 315 Pa. 484. The settlement of the criminal case negatives the averment that the prosecution was made without probable cause. "Where the termination of a criminal prosecution or civil action has been brought about by the procurement of defendant therein, or by compromise and settlement, an action for malicious prosecution cannot be maintained": 38 C. J. 443, 444. See also Clark v. Everett, 2 Grant 416; Mayer v. Walter, 64 Pa. 283, 287.

Appellant contends the compromise of the criminal action was obtained by duress. There is no averment of this nature in the statement of claim nor does appellant's testimony support the suggestion. The mere fact that the accused had been arrested and detained in custody overnight does not in itself show duress, and, as pointed out by the court below, even if plaintiff felt any compulsion while still under arrest and in the magistrate's court, he subsequently ratified the alleged duress by returning to his home, gathering together the furniture said to have been stolen, and delivering it to the prosecutor's store. This evidence is inconsistent with the idea the agreement was obtained by duress. Other questions involved in this case were not raised in the briefs and need not be discussed here.

The order is affirmed.