Samuel BANCOFF

v.

**MUTUAL BENEFIT HEALTH AND ACCIDENT ASSOCIATION**
and
**United Benefit Life Insurance Company.**
Civ. A. No. 23892.

United States District Court
E. D. Pennsylvania.
Nov. 29, 1960.

643

Bernard Sacks, Dorfman, Pechner, Sacks & Dorfman, Philadelphia, Pa., for plaintiff.

John J. McDevitt, 3rd, Philadelphia, Pa., for defendants.

GRIM, District Judge.

In this diversity action for libel the defendants have pleaded, among other things, the defense of absolute privilege. The only matter now before the court is plaintiff's motion under F.R.Civ.P. Rule 12(f), 28 U.S.C. to strike that defense.

Plaintiff was an insurance agent who sold insurance for defendants. He was licensed as an agent by the Insurance Commissioner of Pennsylvania under the Insurance Department Act of 1921, sec. 603, 40 P.S. § 233. When defendants terminated their relationship with plaintiff they executed and mailed to the Insurance Commissioner on April 4, 1957, from their office in Philadelphia, a printed form, which had been furnished by the Insurance Department, "Application for Termination of License." The alleged libel was contained in two questions and answers in the application to terminate the license, which were:

"Has agent or agency fully accounted and settled for premiums collected? No

"If not, amount outstanding $681.50"

"Did agent fully comply with all other insurance laws and regulations? No

"If not, give details. Failed to disclose complete health

1. Hearings were held by the Insurance Department.

history on applications given to him."

Defendants' contention is that this communication was a preliminary to a possible judicial proceeding, namely administrative action by the Insurance Commissioner to revoke plaintiff's insurance license, and that as such the communication was absolutely privileged.

The principle upon which defendants base their contention is set forth in the Restatement of Torts, in reference to actions for defamation, as follows:

§ 587. Parties to Judicial Proceedings.

"A party to a private litigation or a private prosecutor * * * in a criminal prosecution is absolutely privileged to publish false and defamatory matter of another in communications preliminary to a proposed judicial proceeding, or in the institution of or during the course and as part of a judicial proceeding in which he participates, if the matter has some relation thereto."

Under the facts of the case it is possible that the Insurance Commissioner might have taken action to revoke plaintiff's insurance license,[1] and also that a criminal prosecution might have been instituted against plaintiff,[2] 40 P.S. § 279. The latter is clearly a judicial proceeding; the former may be. More than this is required, however, to entitle defendants to the defense of absolute privilege. To be entitled to this they must be parties to private litigation or private prosecutors in a criminal prosecution. There is no indication here that there was any private litigation to which defendants were parties or any criminal prosecution wherein they were private prosecutors. Thus there is no judicial proceeding to which the communication complained of could have been a preliminary. In view of this, defendants do not come within the quoted principle of the Restatement.

2. There was none.

Plaintiff has cited Russell v. Pennsylvania Mutual Life Ins. Co., 1935, 118 Pa. Super. 351; 179 A. 798. The facts in the present case are similar to the facts in the Russell case, but the case is not very helpful because it involved the defense of qualified privilege and not of absolute privilege as here.

Plaintiff's motion to strike from defendants' answer the defense of absolute privilege is granted. The defense of qualified privilege is still in the case.

