**Harry DAVIS**

v.

**CHUBB/PACIFIC INDEMNITY GROUP; Federal Insurance Company; Insurance Crime Prevention Institute; Joseph McCarthy, Individually and as Agent for Insurance Crime Prevention Institute.**

Civ. A. No. 79–252.

United States District Court, E. D. Pennsylvania.

June 17, 1980.

Robert A. Rosin, Philadelphia, Pa., for plaintiff.

J. Grant McCabe, III, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court is the defendants' motion for partial summary judgment. For the reasons stated below, the motion will be granted in part and denied in part.

This is a diversity action based on a claim of malicious prosecution and defamation arising out of the prosecution of plaintiff Harry Davis ("Davis") for what the Court will refer to as insurance fraud.[1] It is sufficient to note for the purpose of the instant motion that Davis alleges that the defendants—insurance companies, an insurance industry crime prevention organization and an employee of that organization (collectively, "the defendants")—instituted criminal proceedings against him, charging complicity in a scheme to file claims under automobile accident policies for accidents which, in fact, did not occur. In addition, Davis alleges that the defendants caused certain defamatory statements to be disseminated to prosecutorial authorities and to the media in general.

Following the institution of criminal charges against Davis in the Common Pleas Court of Philadelphia, a motion to quash the information was denied, the court holding that a *prima facie* case had been established. In early December, 1978, Davis entered the Accelerated Rehabilitative Disposition Program ("A.R.D."), as authorized by Rules 175–185 of the Pennsylvania Rules of Criminal Procedure. Although A.R.D. is not an adjudication of guilt *per se*, Davis was placed on three months' non-reporting probation, upon the successful completion of which the charges were dismissed.[2] The difficulty with Davis' malicious prosecution claim is that he must prove that the underlying criminal proceedings were "terminated in his favor." Pennsylvania Legal Encyclopedia, Malicious Prosecution § 5 at 287; Restatement of Torts (2d) § 658; 52 Am.Jr.2d, Malicious Prosecution § 29 at 204. Although the matter is not entirely free from doubt, the Court finds that disposition through A.R.D. is not sufficiently favorable to Davis, as a matter of law,[3] to support his claim for malicious prosecution.

Various reasons have been offered in support of the requirement in such claims that the criminal proceedings be terminated favorably for the plaintiff. It has been said that a conviction is sufficient to negate the element of a lack of probable cause. W. Prosser, *Law of Torts*, § 119 at p. 838 (4th ed. 1971). Similarly, to permit a convicted

---

1. Davis was charged with 12 counts of theft by deception and 4 counts of conspiracy.

2. It is important to note the precise procedural posture of this motion. Davis' complaint only alleges that the charges were "dropped" and his arrest record "expunged." Complaint at ¶¶ 23, 24. However, during the discovery process, it came to the Court's attention that Davis had entered the A.R.D. program and the Court directed that the defendants file a motion for summary judgment. *See* Court's Order of March 3, 1980. A hearing was held on March 25, 1980. In light of the fact that the A.R.D. disposition is not part of the pleadings, the motion for summary judgment is appropriate.

3. The parties agree that the substantive law of Pennsylvania is applicable.

criminal defendant to proceed with a malicious prosecution claim would permit a collateral attack on the conviction through the vehicle of a civil suit. *Id.* Perhaps most importantly, it has been noted that courts will simply not tolerate inconsistent judgments. 52 Am.Jr.2d, Malicious Prosecution § 29 at 205.

The confusion arises, however, when the underlying criminal action is disposed of in some manner short of a judgment of guilty or not guilty. It is clear that the civil plaintiff need not demonstrate that the charges were disposed of on the merits, but only that the disposition was "consistent with innocence" or, in other words, in a manner that is "inconsistent with guilt." *Thomas v. E. J. Korvette, Inc.*, 329 F.Supp. 1163, 1168 (E.D.Pa.1971), *rev'd on other grounds*, 476 F.2d 471 (3d Cir. 1973); Restatement of Torts (2d) § 660. Several examples of terminations which are short of "determinations on the merits" but which are nonetheless sufficiently favorable to allow the claim to move ahead are:

(1) a discharge by a magistrate at a preliminary hearing;

(2) the refusal of a grand jury to indict;

(3) the formal abandonment of the proceedings by the public prosecutor; or,

(4) the quashing of an indictment. Restatement of Torts (2d) § 659.

A termination which is "indecisive" will not support the malicious prosecution claim. *Id.*, § 660. Several examples of indecisive terminations are:

(1) a charge that is withdrawn pursuant to an agreement with the accused [Restatement of Torts (2d) § 660];

(2) a charge that is withdrawn out of mercy requested or accepted by the accused [*Id.*];

(3) the entry of a plea of *nolo contendere* [P.L.E. Malicious Prosecution § 5 at 289]; or,

(4) a pardon by the executive [*Id.*].

It is necessary to briefly outline the salient features of the A.R.D. program, as established by Rules 175–185 of the Pennsylvania Rules of Criminal Procedure. The procedure is as follows: The prosecutor, on his own motion or at the defendant's request, may "move that the case be considered" for A.R.D. Rules 175, 176. Notice must then be sent to the defendant, and to the victim, of the prosecutor's intention to institute an A.R.D. proceeding. Rule 177.

Subsequently, a hearing is held in open court during which the court must conduct a colloquy with the defendant, who must state that: (1) (s)he * understands that completion of A.R.D. will permit them to "earn a dismissal" of the charges; (2) (s)he understands that the failure to comply with the program may lead to further prosecution; and, (3) (s)he agrees that if they are accepted into A.R.D. they will waive their rights under applicable speedy trial and statute of limitations provisions of law. Rule 178.

Upon completion of the terms imposed, the defendant may make application for dismissal. Rule 185. However, if the defendant violates such terms, the A.R.D. disposition may be cancelled and the prosecutor may proceed with the charges. Rule 184.

In sum, although A.R.D. is not an adjudication of guilt (*see* Advisory Committee Report), very substantial, onerous and costly terms and sanctions may be imposed. Moreover, a failure to comply may place the defendant in the same position on the criminal justice track that (s)he occupied before the A.R.D. disposition. In the words of Rule 178(1), (s)he must "earn" the dismissal of the charges. On the other hand, it is clear that A.R.D. cannot be imposed on a defendant. Rather, on at least two separate occasions during the colloquy, the defendant must request or accept the A.R.D. program. This Court views A.R.D. as an arrangement which is agreed to by the prosecutor, the court and the defendant but which includes the correctional goals of

---

* In any instance where either "he" or "she" could be used without changing the meaning or sense of the thought being expressed, the symbol "(s)he" will be used.

punishment and rehabilitation. *See Shade v. Commw. of Penna. Dept. of Trans.*, 394 F.Supp. 1237, 1240 (M.D.Pa.1975). It is the goal of rehabilitation which is enhanced by the non-adjudicatory features of A.R.D.

The Court's examination of the decisional authorities on the question of whether A.R.D. or any similar program is a "favorable termination," for the purpose of a malicious prosecution claim, has yielded no directly applicable case law. Nonetheless, analogous Pennsylvania cases convince the Court that Davis' claim must be dismissed.

In *Alianell v. Hoffman*, 317 Pa. 148, 176 A. 207 (1935), the accused agreed to pay $20 in restitution in return for which the charges of theft were dismissed. The Supreme Court of Pennsylvania stated as follows:

> It is clear that in these circumstances appellant has no ground for maintaining an action to recover damages for the alleged malicious prosecution. By compromising and settling the criminal charges made against him, appellant destroyed an essential element in his case. To entitle plaintiff to recover in an action for malicious prosecution, it must clearly appear that the prosecution was without probable cause: . . . The settlement of the criminal case negatives [*sic*] the averment that the prosecution was made without probable cause. *"Where the termination of a criminal prosecution or civil action has been brought about by the procurement of defendant therein, or by compromise and settlement, an action for malicious prosecution cannot be maintained."*

*Id.* at 149, 176 A. at 207–08 (emphasis added) (citation omitted). This position comports with the position taken in § 660(a) of the Restatement of Torts (2d) that a compromise or a settlement which occurs by agreement is not a favorable termination. Comment c to § 660(a) states as follows:

> c. *Compromise.* Although the accused by his acceptance of a compromise does not admit his guilt, the fact of compromise indicates that the question of his

guilt or innocence is left open. Having bought peace the accused may not thereafter assert that the proceedings have terminated in his favor.

Several courts in other states have taken a similar position. For example, in *Gowin v. Heider*, 237 Or. 266, 386 P.2d 1 (1963), the Oregon Supreme Court held that a malicious prosecution claim could not be based on a dismissed criminal charge when that dismissal was in return for a guilty plea to a separate charge in another county. Similarly, in *Landers v. Kroger Co.*, 539 S.W.2d 130 (Tenn.Ct.App.1976), a minor plaintiff brought a malicious prosecution claim against the defendant because it preferred charges against him for fraudulently obtaining money by means of a check drawn on insufficient funds. An informal settlement was arranged pursuant to which the charges were dropped and the plaintiff agreed to pay the face amount of the check. The court held that the settlement could not, as a matter of law, support a malicious prosecution claim. *Id.* at 133.

In light of this authority, this Court holds that an A.R.D. disposition does not satisfy the malicious prosecution claimant's requirement that the former criminal proceedings resulted in a favorable termination, because A.R.D. is essentially an agreed-upon disposition which *may* lead to a dismissal *if* its terms are complied with. A.R.D. retains the penal and coercive aspects of any criminal prosecution, though in diluted and usually beneficial form to the accused.

Davis would have this Court consider his subjective state of mind and his motives for accepting the A.R.D. disposition. The Court declines to do so. First, there is no dispute that Davis knowingly and willingly entered into the program, and the Court will not inquire beyond the A.R.D. disposition as shown by the record.

Second, the fact remains that Davis received exactly what he bargained for and the Court will not permit him to collaterally attack that disposition.

The Court finds that there is no dispute that Davis entered into an A.R.D. program and that, as a matter of law,[4] his claim for malicious prosecution must fail and judgment will be entered in favor of the defendants.

The defendants' motion for summary judgment is also directed to the defamation claims on the ground that the allegedly defamatory statements were privileged because they were made to prosecutorial authorities. *Bancoff v. Mutual Benefit Health & Accident Association,* 189 F.Supp. 642 (E.D.Pa.1960); Restatement of Torts (2d) § 587. However, it is not clear to the Court which statements the plaintiff is relying upon. Accordingly, the Court will deny the motion for summary judgment as it applies to the defamation claims.

An appropriate Order will be entered.

### ORDER

AND NOW, TO WIT, this 17th day of June, 1980, IT IS ORDERED as follows:

1. The defendants' motion for summary judgment is hereby *granted* as to the plaintiff's claim for malicious prosecution, and *judgment is hereby entered* on behalf of all defendants and against plaintiff Harry Davis on that ground.

2. The defendants' motion for summary judgment is hereby *denied without prejudice* as to the plaintiff's claim for defamation.

*R.R. Co.,* 371 Pa. 308, 89 A.2d 809 (1952); Restatement of Torts (2d) § 673.

---

**4.** In the absence of disputes as to evidentiary facts, it is the Court's task to decide whether the termination was favorable. *Miller v. Pa.*