## Brown v. The Philadelphia National Bank

*John J. McAuliffe, Jr.,* for plaintiffs.
*Joseph H. Huston, Jr.,* for defendants.

MARUTANI, *J.,* December 21, 1981—Before us is the "Motion for Partial Summary Judgment" of two of defendants, Philadelphia National Bank (Bank) and Bruce Cornine (Cornine), directed to the "Third Count" of plaintiffs' complaint. In summary, plaintiffs' "Third Count—Malicious Prosecution, Conspiracy" charges, in pertinent part, that Bank, Cornine and a third defendant, Recovery Associates, Inc. (Recovery),

"maliciously agreed between themselves to bring criminal charges against plaintiff [Mary] Delaney, for Harrassment. [A]cting in furtherance of the Conspiracy . . . defendant [Bank] instructed one of its employees . . . Cornine, to initiate criminal pro-

ceedings against . . . Delaney and . . . Cornine signed a Private Criminal Complaint in furtherance of the conspiracy . . . as a result of which . . . Delaney was arrested, and charged with Harrassment. As a result of the Conspiracy between Bank and Recovery . . . Cornine signed a Private Criminal Complaint against . . . Lee Cardullo, charging her with Harrassment [sic]." Plaintiffs' complaint, pars. 22-24.

On November 19, 1974, Cornine filed a private criminal complaint against both Delaney and Cardullo, charging them with making threats to Cornine and his family. The charge against Delaney was harassment; against Cardullo, the charge was harassment by communication. On January 31, 1975, Cornine withdrew the criminal charges. At the bottom of each criminal complaint is stamped, "Charges withdrawn conditionally defendant agrees to no future harassment." Appearing directly below this statement on the respective complaints are the signatures of Delaney and Cardullo. Cornine's signature is also present on each complaint below the stamped statement. Further, it is admitted that Delaney and Cardullo were represented by counsel at the Municipal Court hearing on January 31, 1975. (Answer of plaintiffs' to motion of defendants' PNB and Bruce Cornine for partial summary judgment, par. 8).

Plaintiffs must establish three elements to maintain a cause of action for malicious prosecution: (a) that the criminal complaint filed by Cornine was instituted without probable cause; (b) that Cornine instituted the criminal complaint with malice; and (c) that the criminal proceedings were terminated in favor of plaintiffs: Hugee v. Pennsylvania Railroad Co., 376 Pa. 286, 101 A. 2d 740 (1954); Miller v. Pennsylvania Railroad Co., 371

Pa. 308, 89 A. 2d 809 (1952); Restatement, 2d, Torts, §653.

We address ourselves to the third requirement, namely that the proceedings were terminated in favor of plaintiffs. Although plaintiffs need not show that the charges were disposed of on the merits to successfully maintain an action for malicious prosecution, nevertheless the disposition of the matter must be inconsistent with guilt: Thomas v. E.J. Korvette, Inc., 329 F. Supp. 1163, 1168 (E.D.Pa. 1971), rev'd on other grounds, 476 F. 2d 471 (3d Cir. 1973). Thus, for example, termination of criminal proceedings because an accused agreed to enter into an A.R.D. (Accelerated Rehabilitative Disposition) program was held not to be an adjudication, "consistent with innocence." Davis v. Chubb/Pacific Indemnity Group, 493 F. Supp. 89, 91 (E.D.Pa. 1980). Also see Restatement, 2d, Torts, §660: "A termination of criminal proceedings in favor of the accused other than by acquittal is *not* a sufficient termination to meet the requirements of a cause of action for malicious prosecution if (a) the charge is withdrawn or the prosecution abandoned pursuant to an agreement of compromise with the accused . . ." (Emphasis supplied.)

In this case, the charges of harassment against plaintiffs Delaney and Cardullo were withdrawn *conditionally* provided they did not harass Cornine in the future.* Although we also recognize that this

---

* We do not accept plaintiffs' "den[ial] . . . that the rubber stamped notation embodied the agreement between plaintiffs and defendant, Cornine, [that] rather it was placed on there by an employee of the Municipal Court." Answer of plaintiffs' to motion of defendants' PNB and Bruce Cornine for partial summary judgment, par. 6. Furthermore, it is admitted by plaintiffs that they were represented by counsel during this proceeding in Municipal Court. Id. at par. 8.

is not an adjudication of guilt, it is hardly consistent with innocence. There remained the possibility that the charges would be reinstated if plaintiffs continued to harass Cornine. As stated in comment c to Restatement, 2d, Torts, §660: "Although the accused by his acceptance of a compromise does not admit his guilt, the fact of compromise indicates that the question of his guilt or innocence is left open. Having bought peace the accused may not thereafter assert that the proceedings have terminated in his favor."

Plaintiffs' reliance on Woodyatt v. Bank of Old York Road, 408 Pa. 257, 182 A. 2d 500 (1962) is misplaced. In Woodyatt, a defendant-bank caused plaintiff to be charged with stealing or fraudulently converting monies belonging to defendant. The charges were subsequently withdrawn by defendant. There is no suggestion that the withdrawal was anything less than a voluntary and unilateral act by defendant. Hence, the case is distinguishable because the Woodyatt court was not faced with a conditional withdrawal of the charges against the accused based upon an agreement between the parties.

Finally, we must also reject plaintiffs' contention that the motion should be denied because the record lacks any evidence as to why Cardullo agreed to the withdrawal of the private criminal complaint. Cardullo's reasons are not relevant to the issue of whether the criminal proceeding was terminated in her favor. The Davis court rejected a similar opportunity to inquire into plaintiff's subjective state of mind for agreeing to the disposition "[T]he fact remains that . . . [defendant] received exactly what he bargained for and the Court will not permit him to collaterally attack that disposition." Davis, supra, at 92.

Wherefore, is entered the following

## ORDER

And now, December 21, 1981, upon consideration of defendants', Philadelphia National Bank and Bruce Cornine, motion for partial summary judgment, and plaintiffs' Elizabeth Brown, administratrix, and Lee Cardullo, response thereto, it is hereby adjudged, ordered, and decreed that the motion is *granted* and plaintiffs' "Third Count—Malicious Prosecution, Conspiracy" is dismissed.