## Junod v. Bader

*Thomas E. Coval,* for plaintiff.
*Lawrence R. Scheetz,* for defendant.

BIUNNO, *J.,* February 3, 1982—The instant matter came before the court on defendant's motion for summary judgment.

Plaintiff commenced this action in trespass for malicious prosecution alleging that defendant had maliciously executed an affidavit to a private criminal complaint against plaintiff resulting in plaintiff's being charged with the criminal offenses of harassment and terroristic threats. Plaintiff further alleged that defendant knew that the facts in the said complaint were false.

After being charged with the above criminal offenses by the prosecuting authority in Philadelphia County, defendant was accepted for Accelerated Rehabilitative Disposition (ARD) as provided in rules of Criminal Procedure 175-185.

On April 30, 1981, after the successful completion of a three month ARD program, plaintiff was discharged as to these offenses.

In order to prevail in an action for malicious prosecution a plaintiff must establish that the underlying criminal proceeding was terminated in

his favor. Restatement (Second) of Torts §658.

Where a compromise terminates the underlying criminal proceeding it has not been terminated in favor of plaintiff. "Although the accused by his acceptance of a compromise does not admit his guilt, the fact of compromise indicates that the question of his guilt or innocence is left open. Having bought peace the accused may not thereafter assert that the proceedings terminated in his favor." Restatement (Second) of Torts §660 (a) Comment c.

Pennsylvania courts have adopted this position on Allianell v. Hoffman, 317 Pa. 148, 176 Atl. 207 (1935). In that case, the accused agreed to pay $20 in restitution in return for dismissal of theft charges. In dismissing the subsequent action for malicious prosecution the Supreme Court stated: "Where the termination of a criminal prosecution or civil action has been brought about by the procurement of defendant therein, or by compromise and settlement, an action for malicious prosecution cannot be maintained". Allianell v. Hoffman (supra) at 149.

An examination of the Rules of the ARD program make it clear that the program provides the Commonwealth with a vehicle of disposing of relatively minor criminal prosecutions, and that a defendant agrees to forego his right to trial of the cause by agreeing to accept ARD. The program partakes of the nature of a compromise or settlement conditioned on defendant's complying with the terms of probation, thus by accepting the ARD disposition of the criminal charges lodged against him, a defendant, such as plaintiff was in this case, has affected a compromise for settlement of the matter. As a matter of law, such a settlement is not a sufficiently favorable disposition as to satisfy the requirements of an action for malicious prosecutions.

For the reasons given herein, defendant's motion for summary judgment was granted.