458 A.2d 251

**Richard JUNOD, Appellant,**

**v.**

**Carl BADER.**

Superior Court of Pennsylvania.

Argued Jan. 19, 1983.

Filed March 31, 1983.

**3.** Because of our disposition of this case we need not address appellant's remaining contentions.

94

Thomas Coval, Willow Grove, for appellant.

Lawrence R. Scheetz, Richboro, for appellee.

Before CAVANAUGH, ROWLEY and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in holding that his successful completion of an accelerated rehabilitative disposition (ARD) program was not a sufficiently favorable termination of the criminal proceedings to support this malicious prosecution action. Because we agree with the lower court that the ARD program, as a court-supervised compromise, is not a sufficiently favorable termination of criminal proceedings to support a subsequent malicious prosecution action, we affirm.

On June 5, 1980, appellee filed a private criminal complaint charging appellant with harrassment and terroristic threats. On January 28, 1981, appellant, after a colloquy, accepted accelerated rehabilitative disposition (ARD) of the charges, *see* Pa.R.Crim.P. 175–185, and was placed on 90 days nonreporting probation with a condition that he avoid appellee. Upon appellant's successfully completing the program, the charges were dropped. On May 27, 1981, appel-

lant filed a complaint in trespass alleging that appellee had maliciously prosecuted the criminal action. On November 5, 1981, the lower court granted appellee a summary judgment dismissing the action on grounds that ARD is not a sufficiently favorable termination of criminal proceedings to support a subsequent action for malicious prosecution. This appeal followed.

 Appellant contends that termination of a criminal prosecution by ARD is sufficiently favorable to an accused to support an action for malicious prosecution. We disagree.[1] A person wrongly accused may recover for malicious prosecution by proving three basic elements: (1) that the underlying proceedings terminated favorably to the accused; (2) that the defendant caused those proceedings to be instituted without probable cause; and (3) malice. *Dietrich Industries, Inc. v. Abrams*, 309 Pa. Superior Ct. 202, 455 A.2d 119 (1982); *DeSalle v. Penn Central Transportation Co.*, 263 Pa. Superior Ct. 485, 398 A.2d 680 (1979); Restatement (Second) of Torts, § 653.[2] Of these elements, favorable prior termination is a threshold issue. A resolution of the first trial clearly favorable to the accused and consistent with innocence, such as acquittal or reversal of conviction, requires inquiry into the remaining elements. *Anolik v. Marcovsky*, 122 Pa. Superior Ct. 133, 186 A. 418 (1936). A resolution clearly adverse to the accused, on the other hand, such as a conviction or guilty plea, denies his status of being wrongly accused[3] and so diminishes the

1. This question is a one of first impression before Pennsylvania's appellate courts. *See Davis v. Chubb/Pacific Indemnity Group*, 493 F.Supp. 89 (E.D.Pa.1980).

2. Our legislature has abrogated the so-called "English Rule" requirement that a malicious prosecution plaintiff also prove some special damages beyond those generally attendant to similar litigation. 42 Pa.C.S.A. § 8351; *Detrich Industries, Inc. v. Abrams, supra*.

3. The defendant in a malicious prosecution action is entitled to attempt to prove that the accused was in fact guilty of the offense charged. This defense does not depend on the outcome of the criminal case or upon what the malicious prosecution defendant knew when he filed charges. Rather, it is closely related to the defense of truth in a defamation action and is supported by a similar public

likelihood of his proving lack of probable cause or malice that our courts will promptly dismiss the malicious prosecution action. *See DeSalle v. Penn Central Transportation Co., supra.* Indecisive terminations of the underlying action are more troublesome. If the court or prosecutor nolle prosses, dismisses or drops charges the record may not clearly reflect whether the termination was consistent with the innocence of the accused or a reflection of some policy or decision unrelated to the accused's commission of the particular crime. *See Williams v. Page,* 160 N.J.Super. 354, 389 A.2d 1012 (1978). For instance, if the charges are dropped as a result of a compromise, our courts conclude that the accused placed a higher value on peace than on establishing his innocence, and thus will not allow him to burden the courts or another party with a second action in which the accused, no longer himself at risk, asserts the same claim of innocence that he earlier abandoned. *Alianell v. Hoffman,* 317 Pa. 148, 176 A. 207 (1936); Restatement (Second) of Torts, § 660(a), Comment c. Such a rule regarding compromises serves to prevent the harrassment of honest litigants who have taken their accusations to proper authorities. Even though the rule may also protect the truly malicious litigant, who might reasonably expect that his falsely accused victim will seek to settle the criminal trial rather than face the uncertainty and prohibitive cost of defending against the false criminal charge,[4] it is a necessary accomodation consistent with the purposes of the malicious prosecution action. A victim of the truly malicious litigant may often, though not always, be compensated under the alternative tort of abuse of process, which, while not requiring a favorable termination of the underlying action, does require proof of "[s]ome definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of process." *DiSante v. Russ*

policy favoring exposure of the guilty. *See* W. Prosser, Law of Torts, § 119 at 840–41 (4th ed. 1971).

**4.** *See* Note, Groundless Litigation and the Malicious Prosecution Debate: A Historical Analysis, 80 Yale L.J. 1218 (1979).

*Financial Co.,* 251 Pa. Superior Ct. 184, 189, 380 A.2d 439, 441 (1977). Additionally, as to the end of avoiding groundless proceedings that needlessly burden courts and litigants, the compromise itself cuts short the criminal proceedings and spares the accused many of the direct, if not the collateral, consequences of that proceeding. Finally, the interests of judicial economy preclude the court in a malicious prosecution action from re-examining the decisions of the district attorney who compromised rather than dropped the charges; of the ARD court, who after hearing the accusations, Pa.R.Crim.P. 179, recommended conditions rather than dismissal; or of the accused, now plaintiff, who accepted the compromise. Accordingly, even though successful completion of an ARD program terminates the prosecution, Pa.R.Crim.P. 184, 185; *Commonwealth v. Briley, 278 Pa. Superior Ct. 363, 420 A.2d 582 (1980), that termination is a court-supervised compromise,* Commonwealth v. Kindness, *247 Pa. Superior Ct. 99, 371 A.2d 1346 (1977), and therefore, as a matter of law, is not sufficiently favorable to the accused to entitle him to subsequently bring a malicious prosecution action against his accuser.* See Davis v. Chubb/Pacific Indemnity Group, *493 F.Supp. 89 (E.D.Pa.1980); Restatement (Second) of Torts, § 660(a).*

Appellant contends that, because the lower court did not inform him during the ARD colloquy that accepting ARD would bar a subsequent malicious prosecution action, his acceptance of the program was not knowing and willing for purposes of this action. As relief he requests we treat the ARD disposition as he subjectively viewed it—as an outcome favorable to his innocence. Despite appellant's alleged misunderstanding, the court's colloquy established that he accepted ARD with sufficient understanding to satisfy the purposes of the criminal law. *See* Pa.R.Crim.P. 178, 179. His accepting the compromise under those circumstances is sufficient to waive his civil action for malicious prosecution, regardless of whether he was subjectively aware of that consequence. *See Davis v. Chubb/Pacific Indemnity Group, supra.*

■ Appellant contends finally that refusing to permit a malicious prosecution suit to proceed based on an ARD disposition is unconstitutional because it denies appellant's right to a continued presumption of innocence. Because malicious prosecution is a civil action, the presumption of innocence constitutionally required in criminal actions is replaced by the law allocating burdens of proof. Thus, appellant's last contention is meritless. Accordingly, we affirm the order dismissing appellant's action for malicious prosecution.

Affirmed.