The clerk shall furnish copies hereof to all counsel listed above.

# Hall v. Society for Prevention of Cruelty to Animals

*P. Richard Wagner*, for plaintiff.
*James D. Flower*, for defendants.

SHEELY, *J.*, June 28, 1983—Defendants, Society for the Prevention of Cruelty to Animals and William C. Conrad, filed this motion for summary

judgment pursuant to directions from the court arising out of a pretrial conference held April 27, 1983. The suit before the court is one for malicious prosecution filed by plaintiff, John Hall. That suit arises out of criminal charges filed against plaintiff wherein defendants charged plaintiff with: (A) Criminal attempt (to kill and maim domestic animals); and (B) cruelty to animals.

On January 8, 1982, First Assistant District Attorney Kevin A. Hess, entered a nolle prosequi in the case. The nolle prosequi recited the following reasons for terminating the case:

The charge is that defendant shot and injured two dogs belonging to a neighbor. Defendant has proffered testimony that the dogs were damaging domestic foul. The Commonwealth's evidence is circumstantial and, while the case is of arguable merit, there is a substantial likelihood that a trial would not result in a conviction. The ends of justice are better served by defendant's agreement to make restitution and pay costs. This case has been exhaustively reviewed with the S.P.C.A. (Affiant) and the real victim. Costs in the amount of $213.84 are to be paid by defendant.

There is a difference of opinion in the pleadings as to why the proceedings against plaintiff in the underlying criminal action were terminated. Paragraph 20 of defendant's answer with new matter and counterclaim states: "In exchange for the undertaking by plaintiff to make restitution to the owner of the animals and to pay the costs of prosecution, the charges against plaintiff were not pursued and were dropped." Plaintiff's answer to new matter and counterclaim states in paragraph 20: "The charges were dropped after the district attorney's office investigated the charges and de-

termined that the allegations made by the owner of the dog were inconsistent with the investigation that had been conducted by proper law enforcement officers." Plaintiff's pleadings do not indicate why he agreed to make restitution. In his brief plaintiff indicates restitution was agreed upon to prevent an "adamant affiant" from pursuing the case.

It is true that a question of fact appears to exist on the face of the pleadings as to the circumstances surrounding the entering of the nolle prosequi in the underlying criminal action. However, this does not preclude a finding that defendants' motion for summary judgment in this malicious prosecution action should be granted.

The Superior Court of Pennsylvania recently restated the three basic elements necessary to sustain an action for malicious prosecutions:

(1) That the underlying proceedings terminated favorably to the accused; (2) that defendant caused these proceedings to be instituted without probable cause; and (3) malice. Dietrich Industries, Inc. v. Abrams, _____ Pa. Super. _____,455 A. 2d 119 (1982); DeSalle v. Penn Central Transportation Co., 263 Pa. Super. 485, 398 A. 2d 680 (1979); Restatement (Second) of Torts, §653. Of these elements, favorable prior termination is a threshold issue. Junod v. Bader, _____ Pa. Super. _____, 458 A. 2d 251 (1983).

In the interest of judicial efficiency, the court, during the pretrial conference, directed defendant to file a motion for summary judgment on this "threshold" issue.

Pursuant to the court's instruction at the pretrial conference, defendant filed a motion for summary judgment on the legal issue of whether or not the first action ended favorably to plaintiff since a nolle

prosequi was executed and plaintiff paid the costs of prosecution and made restitution for damages to the dogs involved in the underlying criminal action. As will be demonstrated, the questions of fact that exist between defendants' and plaintiff's pleadings are not material to the legal issue to be decided in this motion for summary judgment. Therefore, a summary judgment is appropriate if the court determines that "the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b).

The court finds that, as a matter of law, where a court approved the entering of a nolle prosequi which terminates criminal proceedings against an accused and where, at the same time, defendant agrees to make restitution and pay the costs of prosecution, such a nolle prosequi is not a termination of the underlying criminal proceedings favorable to the accused. The exact circumstances upon which the accused and the district attorney enter into such an arrangement are irrelevant if on its face the nolle prosequi shows defendant has agreed to make restitution and pay the costs of prosecution.

In its brief, plaintiff cites Woodyatt v. Bank of Old York Road, 408 Pa. 257, 182 A. 2d 500 (1962) for the proposition that a nolle prosequi of a criminal cause of action is a favorable termination for purposes of malicious prosecution actions. This view is consitent with Restatement (Second) of Torts §659:

Criminal proceedings are terminated in favor of the accused by

(C) the formal abandonment of the proceedings by the public prosecutor.*

*It is clear that Pennsylvania follows the Restatement rules dealing with malicious prosecution. Some Pennsylvania cases which have cited relevant portions of the Restatement, in addition to the Woodyatt case, include: Davis v. Chubb/Pac. Indem. Group, 493 F. Supp. 89, 91 (E.D. Pa. 1980), citing section 660 of Restatement Second; Miller v. Pennsylvania

But the Woodyatt case and the other case plaintiff cites for this proposition, Arye v. Dickstein, 337 Pa. 471, 12 A. 2d 19 (1940), can be distinghished from the present case. In neither Woodyatt nor Arye did defendants in the underlying criminal action agree to make restitution.

Two recent cases dealing with Pennsylvania's accelerated rehabilitation disposition program, Davis v. Chubb/Pacific Indemnity Group, 493 F. Supp. 89 (E.D. Pa. 1980) and Junod v. Bader, _____ Pa. Super. _____, 458 A. 2d 251 (1983), are based on reasoning that is more relevant to the present case.

In Davis, defendant in the underlying criminal action was charged with insurance fraud. Defendant entered the A.R.D. Program as a result of those charges. The court held that such a disposition of a case was not a termination favorable to defendant such that he could then maintain a malicious prosecution action against the insurance company. The court based its holding, in part, on Restatement (Second) of Torts §660, which states:

A termination of criminal proceedings in favor of the accused other than by acquittal is not a sufficient termination to meet the requirements of a cause of action for malicious prosecution if

(a) the charge is withdrawn or the prosecution abandoned pursuant to an agreement of compromise with the accused.

Comment:

c. Compromise. Although the accused by his acceptance of a compromise does not admit his guilt,

R.R., 371 Pa. 308, 317, 89 A. 2d 809, 813 (1952);citing sections 663 and 664 of the first Restatement; and Simpson v. Montgomery Ward & Co., 354 Pa. 87, 46 A. 2d 674 (1936), citing sections 662, 668 and 613 of the first Restatement.

the fact of compromise indicates that the question of his guilt or innocence is left open. Having bought peace the accused may not thereafter assert that the proceedings have terminated in his favor.

The court in Davis quotes Comment c of Section 660 of the Restatement, Davis, 493 F. Supp. at 92, and also quotes, Alianell v. Hoffman, 317 Pa. 148, 149, 176 A. 207, 207-08 (1935): "Where the termination of a criminal prosecution or civil action has been brought about by the procurement of defendant therein, or by compromise and settlement, an action for malicious prosecution cannot be maintained."

The court in Davis, then, views the entering into the A.R.D. Program as a compromise. The court notes that "it is clear that A.R.D. cannot be imposed on a defendant. Rather, on at least two separate occasions during the colloquy, defendant must request or accept the A.R.D. Program." Davis, 493 F. Supp. at 91.

The nolle prosequi in the present case is similar to the disposition of the charges in Davis. Regardless of the circumstances surrounding the prosecution's abandonment of the charges, plaintiff in the present case did agree to the arrangement. Plaintiff agreed to make restitution just as Davis agreed to enter the A.R.D. Program. It is clear that the agreement to provide restitution, like the A.R.D. Program, could not be imposed on plaintiff. The termination of the criminal prosecution, therefore, can be said to have been "procured" by plaintiff regardless of the circumstances surrounding the entering of the nolle prosequi by the prosecutor.

Plaintiff would have the court look to the motives behind the termination of the case by the prosecutor and the acceptance of the compromise by plaintiff. In Davis, the court said:

Davis would have this court consider his subjective state of mind and his motives for accepting the A.R.D. disposition. The court declines to do so. First, there is no dispute that Davis knowingly and willingly entered into the program, and the court will not inquire beyond the A.R.D. disposition as shown by the record.

Second, the fact remains that Davis received exactly what he bargained for and the court will not permit him to collaterally attack that disposition. Davis, 493 F. Supp. at 92.

Plaintiff in the case at hand "knowingly and willingly" accepted the restitution plan and got "what he bargained for." Plaintiff, to paraphrase the Restatement, may not now claim a favorable termination because he "bought peace" by agreeing to make restitution.

As for the motivations of the district attorney, the Junod case speaks to that issue. In the Junod case, appellant had been charged with harassment and making terroristic threats. Appellant accepted accelerated rehabilitation disposition of the charges, successfully completed the program, and the charges were subsequently dropped. The Pennsylvania Superior Court upheld a lower court decision granting "appellee a summary judgment dismissing the action on grounds that A.R.D. is not a sufficiently favorable termination of criminal proceedings to support a subsequent action for malicious prosecution." Junod, _____ Pa. Super. _____, 458 A. 2d at 252.

In refusing to look at the motivations of the district attorney the Junod court said:

The interests of judicial economy preclude the court in a malicious prosecution action from re-examining the decisions of the district attorney who compromised rather than dropped the charges

of the A.R.D. court, who after hearing the accusations, Pa.R.Crim.P. 179, recommended conditions rather than dismissal or of the accused, now plaintiff, who accepted the compromise. Id. at   , 458 A. 2d 254.

In the present case, the court will not re-examine the reasons the district attorney nolle prossed, nor the reason plaintiff agreed to make restitution. On its face, the arrangement is a compromise. The parties agreed to it for whatever reason.

The Junod opinion points out that by compromising the accused has "placed a higher value on peace than on establishing his inocence." Id. at   , 458 A. 2d at 253. As a result, the court said, it "will not allow him to burden the courts or another party with a second action in which the accused, no longer himself at risk, asserts the same claim of innocence that he earlier abandoned." Id.

In the case at hand, plaintiff accepted the conditions the prosecutor offered. This court will not allow him to now claim innocence when he agreed to make defendant whole. Such an arrangement is a compromise on its face. As such, it was not a termination of the criminal proceeding favorable to plaintiff.

Further, it must be remembered that the arrangement was approved by the court. It was, just like the A.R.D. proceedings in Davis and Junod, a court approved compromise. The Pennsylvania Superior Court noted in Junod: " . . . as to the end of avoiding groundless proceedings that needlessly burden courts and litigants, the compromise itself cuts short the criminal proceedings and spares the accused many of the direct, if not the collateral, consequences of that proceeding." Id.

Regardless of the circumstances surrounding the entering of the nolle prosequi, one point is inescap-

able. It was accepted by plaintiff. Criminal proceedings were cut short as a result. This was positive for both the court and plaintiff. The court will not allow plaintiff to use such a termination of criminal proceedings as a basis for a malicious prosecution action regardless of plaintiff's or the prosecutor's motivation for entering into the compromise.

Further, it must be remembered that private citizens should be encouraged in their effort to bring suspected criminals to justice. Malicous prosecution actions should not be lightly maintained, lest citizens become wary in their efforts to have suspected criminals prosecuted.

It must also be remembered that the question of plaintiff's guilt or innocence in the underlying criminal action was left open because plaintiff agreed to make restitution. True, the district attorney admitted that a trial would not likely result in a conviction, but he also said the case was of arguable merit. If the case had gone to trial, plaintiff may well have been found guilty.

Finally, it is difficult to see how an arrangement whereby the accused in a criminal case agrees to make restitution can never be considered a termination favorable to the accused under any circumstances. Accordingly, defendants' motion for summary judgment will be granted.

## REQUEST FOR COUNSEL FEES

Defendant claim in their counterclaim that they are "entitled to be awarded counsel fees as a part of the costs in the defense of this case because of the arbitrary, vexatious and bad faith actions of plaintiff in bringing this suit, all in accordance with the provisions of the Judicial Code, 42 Pa.C.S.A. §2503(a)."

The court finds no "arbitrary, vexatious and bad faith actions" on the part of plaintiff in bringing this suit, hence the request for an award of counsel fees to defendants is denied.

## ORDER OF COURT

And now, June 28, 1983, for the reasons appearing in the opinion filed this date, defendants' motion for summary judgment is granted and their request to be awarded counsel fees is denied.