**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-2184
_____

J. MICHAEL CONSIDINE, JR.,
Appellant

v.

JONATHAN J. JAGODINSKI,
Officer, Radnor Township Police Department

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Civ. No. 2-13-cv-07263)

District Judge: Edward G. Smith

Submitted Under Third Circuit LAR 34.1(a)
February 8, 2016

BEFORE: FUENTES, KRAUSE, and RENDELL *Circuit Judges*

(Filed April 14, 2016)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Fuentes, *Circuit Judge*:

Plaintiff, J. Michael Considine, brought this action seeking compensatory and declaratory relief against the defendant, Jonathan Jagodinski, a Radnor Township police officer, for wrongfully citing him for being a defiant trespasser on the premises of the Valley Forge Military Academy (the "academy"). Considine asserted claims under 42 U.S.C. § 1983 for violations of his First Amendment rights and state and federal law claims for malicious prosecution.[1] Considine also sought a declaratory judgment that his First Amendment rights were violated. The parties filed cross-motions for summary judgment. The District Court granted Defendant's motion for summary judgment and denied Considine's motion for summary judgment. For the following reasons, we will affirm.

## I.   BACKGROUND[2]

Plaintiff, J. Michael Considine, is a lawyer who represented a former Valley Forge Military Academy student in a lawsuit based upon allegations of hazing that took place at the academy. As part of an investigation of his client's claims, Considine went to the academy to interview students. The school has a policy of requiring visitors to register in their central office before entering the premises. The policy is also clearly articulated on

---

[1] While Appellant avers before us that he did not bring a federal malicious prosecution claim in the first instance, Reply B. 7, 18, he did make such arguments in his response in opposition to Appellee's motion for summary judgment and at oral argument before the District Court. App. 3 n.7. We will address the federal malicious prosecution claim for the sake of completeness.

[2] The District Court had jurisdiction over Considine's claims under 28 U.S.C. § 1331 and to 28 U.S.C. §1367(a). We have jurisdiction under 28 U.S.C. § 1291.

signs located on academy grounds, though Considine claims that he never saw the signs and was never told to leave by any school officials.

Considine entered the premises and asked the first student that he saw if he knew a student named Marcos Settinieri. As a matter of luck, that student was Settinieri. Settinieri invited Considine into his dormitory room and agreed to answer questions about the alleged hazing incident. Considine spoke with Settinieri and another student named Josh Bernstein, received information from them, and gave Settinieri his business card. Considine then left the academy.

Soon after, the academy was made aware of Considine's visit. As a result, the academy contacted police, claiming that Considine had trespassed on private property. The academy also provided the police with Considine's name, address, and telephone number. Based upon the academy's complaint, Defendant, Radnor Township Police Officer Jonathan Jagodinski, issued Considine a citation for trespassing on the property in violation of 18 Pa. Const. Stat. § 3503(b)(1)(iv). Considine was never arrested or otherwise taken into police custody. He appeared at a magistrate's hearing on the citation in state court, where the magistrate found Considine guilty of defiant trespass. Considine appealed this decision to the Delaware County Court of Common Pleas, which reversed his conviction.

Based on all of these events, Considine filed a Complaint in federal court, which he later amended, asserting claims against Officer Jagodinski for (1) a violation of his First Amendment rights under 42 U.S.C. § 1983, (2) declaratory judgment under 28 U.S.C. § 2201 for the violation of his First Amendment rights, and (3) malicious

3

prosecution.[3]  After Jagodinski answered the Amended Complaint, both parties filed motions for summary judgment.

The District Court granted Jagodinski's motion for summary judgment and denied Considine's cross-motion for summary judgment.  In particular, the District Court found that (1) Considine could not establish a First Amendment violation because he was on private property, and therefore his speech was not entitled to First Amendment protection; (2) that Considine had not established a claim for malicious prosecution under federal law because he had not suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding; and (3) Considine failed to establish a claim for malicious prosecution under Pennsylvania law because Jagodinski had probable cause to issue the citation.  This appeal followed.

## II.  DISCUSSION

Considine first argues that the District Court erred in granting summary judgment to Defendant on his First Amendment claim.[4]  He contends that he was entitled to relief on this claim because he had a First Amendment right to enter the academy grounds and interview witnesses in support of his client's litigation.  We disagree.

---

[3] In particular, the Amended Complaint alleges that the citation was "filed in retaliation for Plaintiff's performing a legitimate, necessary service of obtaining information from willing speakers in a legal investigation, a significant function of an attorney, and writing a letter to VFMA, and to intimidate him from not investigating further into incidents involving [his client] or others or matters or to speak to witnesses on the VFMA campus in any matters involving VFMA."  (Am. Compl. at ¶ 40.)

[4] We exercise plenary review over the grant of summary judgment and review the facts in the light most favorable to the party against whom summary judgment was entered.  *Pi Lambda Phi Fraternity, Inc. v. Univ. of Pittsburgh*, 229 F.3d 435, 441 n.3 (3d. Cir. 2000).

To state a claim for retaliation in violation of the First Amendment, a plaintiff must allege "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action."[5]

"[T]he constitutional guarantee of free speech is a guarantee only against abridgment by government, federal or state," not private parties.[6] Moreover, "[t]he right to exclude others is a fundamental element of private property ownership, and the First Amendment does not create an absolute right to trespass."[7]

As the District Court correctly noted, Considine admits that the academy was a private, fenced-in campus and that no one invited him to enter the premises. He nonetheless argues that there was no need to obtain permission to enter. And despite claiming that he did not see any signs posted, he admits that there were at least two such signs posted on the grounds. Contrary to his contentions, there is simply no dispute that (1) the academy was a private, nongovernmental institution; (2) the academy had a strict visitor policy prohibiting visitors from being on campus without proper authorization; and, (3) Considine had not registered upon his arrival and thus did not have permission to be on the academy grounds. In short, the District Court properly concluded that Considine had no First Amendment right to interview witnesses anywhere that he

---

[5] *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006).

[6] *Hudgens v. NLRB*, 424 U.S. 507, 513 (1976).

[7] *Armes v. City of Philadelphia,* 706 F. Supp. 1156, 1164 (E.D. Pa. 1989), *aff'd sub nom.*, *Armes v. Doe*, 897 F.2d 520 (3d Cir. 1990) (citations omitted).

pleased, especially where, as here, the private property was not open to unregistered visitors. For the same reasons, we find no merit in Considine's additional claim seeking declaratory judgment for a violation of his First Amendment rights. And, though we do not find it crucial to the outcome of this appeal, we agree with Jagodinski's additional point that the school also had a perfectly legitimate interest in protecting the students from outside trespassers by requiring them to comply with the visitor policy. We therefore conclude that Considine has not established that his conduct was constitutionally protected under the First Amendment, and his retaliation claim therefore fails.

Considine also argues that the District Court erred by granting Defendant's motion for summary judgment as to Considine's malicious prosecution claims under both state and federal law. As to Considine's state law malicious prosecution claim, he contends that the District Court incorrectly determined that Jagodinski had probable cause to issue the trespass citation.[8] "Probable cause to arrest exists when the information within the arresting officer's knowledge at the time of the arrest is sufficient to warrant a reasonable

---

[8] To succeed in a claim of malicious prosecution under Pennsylvania law, a plaintiff must show: "(1) that the underlying proceedings terminated favorably to the [plaintiff]; (2) that the defendant caused those proceedings to be instituted without probable cause; and (3) malice." *Shaffer v. Stewart*, 473 A.2d 1017, 1020 (1984) (alteration in original) (quoting *Junod v. Bader*, 458 A.2d 251, 253 (1983)); *see also* 42 Pa. Cons. Stat. § 8351. Moreover, to succeed on a malicious prosecution claim under federal law, a plaintiff must show that "(1) the defendants initiated criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005).

law enforcement officer to believe that an offense has been or is being committed by the person to be arrested."[9] It "is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules."[10]

Here, the District Court correctly determined that Considine's malicious prosecution claim under Pennsylvania law fails because Jagodinski had probable cause to issue the citation for trespass. There is simply no dispute that: (1) Defendant spoke with the students that claimed to have been interviewed by Considine; (2) that Defendant knew that the academy was a private institution; (3) that an academy representative told Defendant that notice was posted on school grounds explaining the academy's visitor policy; (4) that Defendant believed that any visitor who had not registered with security was in violation of the policy; and (5) that Defendant also believed that the location of the signs at the main entrances of the academy were likely to come to the attention of a visitor. We view these uncontroverted facts as establishing that Defendant had probable cause to believe that Considine had unlawfully trespassed on the academy grounds. We therefore find no error in the District Court's conclusion that Defendants were entitled to summary judgment as to Considine's state law malicious prosecution claim.

Furthermore, because we conclude that probable cause existed to support the issuance of the trespass citation, we discern no error in the District Court's grant of

---

[9] *Paff v. Kaltenbach*, 204 F.3d 425, 436 (3d Cir. 2000).

[10] *Illinois v. Gates*, 462 U.S. 213, 232 (1983).

summary judgment in Defendant's favor as to Considine's federal malicious prosecution claim.[11] Moreover, we conclude that Considine presents no evidence to support his allegation that he suffered a seizure under the Fourth Amendment to support his federal claim. In fact, all of the evidence showed that Considine was never arrested, was never otherwise placed into custody, and was only burdened by having to appear in the magistrate court's hearing and the subsequent Court of Common pleas proceeding.[12] It is true that various non-custodial hearings might, under certain circumstances, suffice to demonstrate a Fourth Amendment seizure that is adequate to prove a federal malicious prosecution claim. However, we conclude that the slight inconveniences that Considine faced simply do not rise to the level of such "onerous types of pretrial, non-custodial restrictions" to support such a finding.[13]

## III. CONCLUSION

For substantially the same reasons set forth in the District Court's thorough and persuasive opinion, we affirm the judgment of the District Court.[14]

---

[11] *DiBella*, 407 F.3d at 601.

[12] *See DiBella*, 407 F.3d at 601 (concluding that attendance at trial does not qualify as a Fourth Amendment seizure).

[13] *Id.* at 601.

[14] Because we conclude that Defendant was entitled to summary judgment as to all of Considine's claims, we need not address Defendant's additional, alternative argument that he was entitled to qualified immunity.