BLD-104                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2784
_____

WESLEY A. MASSEY,
                                        Appellant

v.

TODD PFEIFER; KEVIN FORCIER; CRAIG HOWE;
ANDREW NATALE; RITA MARWOOD
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-17-cv-00173)
District Judge:  Honorable Susan Paradise Baxter
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 30, 2020

Before:  AMBRO, GREENAWAY, Jr., and BIBAS, Circuit Judges

(Opinion filed: February 26, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Wesley Massey appeals from an order of the United States District Court for the Western District of Pennsylvania, which dismissed his civil rights complaint. Because no substantial question is raised by the appeal, we will summarily affirm the District Court's judgment.

Massey filed his complaint as a pretrial detainee against five defendants, claiming violations of his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. He alleged "malicious abuse of process," "malicious use of process," "willful misconduct," "false imprisonment," and "false arrest" relating to the state prosecution for his misuse of an employer-issued credit card. He requested millions of dollars in damages. He separately filed a motion for an injunction or a temporary restraining order barring his prosecution and a preliminary monetary award of $300,000 to compensate for lost wages and lost business.

The District Court, screening the complaint under 28 U.S.C. § 1915(e), dismissed the claims against two Crawford County Assistant District Attorneys and the Magistrate District Judge who was presiding over Massey's criminal case, determining that they were immune from suit. The District Court also separately denied Massey's motion for preliminary injunctive relief. At that time, the District Court sua sponte stayed and administratively closed the action pending the resolution of Massey's criminal proceedings. The District Court ruled that Massey could move to reopen the action "if

2

and when [his] criminal charges are dismissed or resolved in his favor," Memorandum Order of Oct. 21, 2017, Dkt. #22, at 3.

About a year later, the Defendants moved to reopen the proceedings, explaining that Massey's criminal proceedings had concluded—Massey had pleaded no contest to a charge of Access Device Fraud under 18 Pa. Cons. Stat. Ann. § 4106(a)(1)(iv) —and that they wished to file a motion to dismiss his complaint. After the District Court granted the motion to reopen, the Defendants moved to dismiss. The assigned Magistrate Judge issued a Report and Recommendation, recommending that the claims raised in the complaint be dismissed with prejudice, but that Massey be allowed an opportunity to amend to clarify an "ambiguously-asserted Fourteenth Amendment claim of selective prosecution." Report and Recommendation, Dkt. #59, at 21. Massey objected to the dismissal of his complaint and also clarified that he did not desire to pursue a selective prosecution claim. The District Court adopted the Report and Recommendation, except for the recommendation that Massey be allowed to amend his complaint. The District Court dismissed the complaint with prejudice, and Massey timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. Our review of a dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), like that of a dismissal on a party's motion under Federal Rule of Civil Procedure 12(b)(6), is de novo. See generally Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

We agree with the District Court that Massey's complaint fails to state a plausible constitutional claim. First, we agree with the District Court's decision to dismiss the Assistant District Attorneys and Magistrate District Judge as defendants, because none of the allegations of Massey's complaint revealed that they took any actions unrelated to initiating or conducting judicial proceedings. See Imbler v. Pachtman, 424 U.S. 409, 424 (1976); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).

Next, the District Court properly dismissed Massey's unspecified claims under the Fourth, Fifth, Eighth, and Fourteenth Amendments, as his complaint failed to set forth any plausible claim for relief. See Iqbal, 556 U.S. at 678.

As for his specific Fourth Amendment claims, Massey's claim for malicious prosecution is precluded by the "favorable termination" rule of Heck v. Humphrey, 512 U.S. 477, 484 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused.). Massey's nolo contendere plea under Pennsylvania law is treated the same as a conviction for purposes of Heck, see Curry v. Yachera, 835 F.3d 373, 378 (3d Cir. 2016), and his conviction has not been overturned. See also Junod v. Bader, 458 A.2d 251, 253 (Pa. Super. Ct. 1983) ("A resolution clearly adverse to the accused . . . such as a conviction or guilty plea, denies his status of being wrongly accused and so diminishes

4

the likelihood of his proving lack of probable cause or malice that our courts will promptly dismiss the malicious prosecution action.").

We also agree that Massey's false arrest claim is barred. To establish a false arrest claim, the claimant must show that the arrest was made without probable cause. See generally District of Columbia v. Wesby, 138 S. Ct. 577, 584-86 (2018). But "the presumption of probable cause arising from a conviction can be rebutted only by showing that the conviction had been obtained by some type of fraud," see Heck, 512 U.S. at 486 n.4 (citing Crescent City Live Stock Co. v. Butchers' Union Slaughter–House Co., 120 U.S. 141, 151 (1887)), and Massey's complaint contains no allegations that suggest his arrest was fraudulent. See also Wesby, 138 S. Ct. at 584 n.2 ("Because probable cause is an objective standard, an arrest is lawful if the officer had probable cause to arrest for any offense, not just the offense cited at the time of arrest or booking."). Similarly, Massey failed to plead any plausible claim for malicious abuse of process, as he did not allege that there was a "perversion" of the criminal prosecution process to accomplish a purpose other than that for which the criminal process was intended. See Jennings v. Shuman, 567 F.2d 1213, 1218 & n.4 (3d Cir. 1977).

For the foregoing reasons, we will affirm the District Court's judgment, although we will modify the order of dismissal as to the malicious prosecution claim to be without prejudice, so that if Massey ever succeeds in overturning his conviction, he may refile his claim. See Curry, 835 F.3d at 379.